Filed 8/20/21  P. v. Vasques CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ABLE VASQUES,<br><br>Defendant and Appellant. | C091772<br><br>(Super. Ct. No. P19CRF0353) |

A jury found defendant Daniel Able Vasques guilty of assault with a knife, making criminal threats, and brandishing a knife.  The trial court sentenced defendant to an aggregate term of four years eight months in state prison.  On appeal, defendant argues, and the People agree, that the trial court should have stayed sentencing on defendant's conviction for making criminal threats.  We agree.

1

FACTS AND HISTORY OF THE PROCEEDINGS

In August 2019, defendant was staying in his brother's apartment. While drinking alcohol, defendant and his brother got into an argument. During the argument, defendant took a large carving knife from the kitchen, held it inches from his brother's eye, and threatened to cut his eye out. Scared, defendant's brother tried not to move. After about a minute, defendant put the knife down and left the apartment. Defendant's brother called the police.

The People subsequently charged defendant with assault with a knife (Pen. Code, § 245, subd. (a)(1) - count one; statutory section references that follow are to the Penal Code), making criminal threats (§ 422 - count two), and misdemeanor exhibiting a knife in a threatening manner (§ 417, subd. (a)(1) - count three). The People also alleged defendant served a prior prison term (§ 667.5) and was on probation for his conviction in a 2016 vandalism case when he committed the crimes alleged.

A jury found defendant guilty on all counts, and defendant admitted the truth of the prior prison term allegation. The trial court sentenced defendant to an aggregate term of four years eight months in state prison: four years for assault with a knife and a consecutive eight-month term for making criminal threats. The court imposed a 30-day sentence on the misdemeanor charged but stayed that sentence under section 654. The court also revoked defendant's probation and sentenced him to a concurrent two-year term on his 2016 conviction for vandalism.

DISCUSSION

Defendant's sole contention on appeal is that he committed the crimes of assault with a deadly weapon and making criminal threats, during a continuous course of conduct. As a result, the trial court erred by sentencing him consecutively on those counts and not staying his sentence for making criminal threats pursuant to section 654. The People concede the error.

2

Section 654 provides in pertinent part: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) The statute does not prohibit multiple convictions for the same conduct, only multiple punishments. (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 713.) "In such a case, the proper procedure is to stay execution of sentence on one of the offenses. [Citation.]" (*Ibid*.)

"In any section 654 inquiry, the court must initially ascertain the defendant's objective and intent. [Citation.] ' "If he entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." ' [Citation.] 'Whether the defendant maintained multiple criminal objectives is determined from all the circumstances and is primarily a question of fact for the trial court, whose finding will be upheld on appeal if there is any substantial evidence to support it.' " (*People v. Tom* (2018) 22 Cal.App.5th 250, 260.)

Here, defendant held a knife within inches of his brother's eye as he threatened to cut his eye out. Accordingly, defendant's crimes were committed simultaneously and with the same objective: using the knife to threaten his brother with great bodily injury, causing his brother to reasonably fear for his safety. (§ 422.) We thus accept the People's concession and remand the matter for resentencing.

3

DISPOSITION

The consecutive eight-month sentence on count two for making criminal threats is reversed and the matter is remanded for resentencing. The judgment is otherwise affirmed.

 

_____

HULL, J.

We concur:

_____

BLEASE, Acting P. J.

_____

KRAUSE, J.

4